IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:07-CV-156-D

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DAMON ERIC GORDON, MADEA )<br>GORDON, WILLIAM LUTHER PETTY, )<br>JR., a/k/a BEAU PETTY, FIRST STAR )<br>REALTY, INC., a/k/a FIRST STAR, INC., )<br>a/k/a REMAX PRO REALTY, INC., )<br>PROSTAR, a/k/a PROSTAR, INC., JOEL )<br>WELCH, LINDA WELCH, JODI WELCH, )<br>BILLY LASSITER, d/b/a NC REO )<br>PROFESSIONALS, EVON DIGREGORIO )<br>and JAMES L. MOORING, d/b/a NC REO )<br>PROFESSIONALS, )<br>)<br>Defendants. ) | **ORDER** |

Plaintiff United States of America ("plaintiff" or "government") filed this fraudulent conveyance action under 28 U.S.C. §§ 3301–08 to recover restitution that defendant William Luther Petty, Jr., a/k/a Beau Petty ("Petty"), owes due to a federal criminal judgment entered on February 12, 2003, for two counts of bank fraud. As of September 19, 2007, the government alleges that Petty owes over $1.2 million in restitution. The government issued subpoenas to numerous financial institutions and other entities associated with Petty and the individual defendants to obtain information relating to Petty's assets, including those assets associated with Prostar, a/k/a Prostar, Inc., and First Star Realty, Inc., a/k/a First Star, Inc., a/k/a Remax Pro Realty, Inc. Citing Federal Rule of Civil Procedure 45(c), the individual defendants move to quash 22 subpoenas that the government issued to nonparties. The nonparties have not filed a motion to quash or otherwise sought protection from the subpoenas.

"Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." United States v. Idema, 118 F. App'x 740, 744 (4th Cir. 2005) (per curiam) (unpublished); accord Joiner v. ChoicePoint Servs., Inc., 2006 WL 2669370, at *4 (W.D.N.C. Sept. 15, 2006) (unpublished); 9A Charles Alan Wright, et al., Federal Practice and Procedure § 2459 (2d ed. 1995). Typically, a party has no standing to challenge a subpoena issued to his or her bank seeking discovery of financial records because bank records are the business records of the bank, in which the party has no personal right. See, e.g., Clayton Brokerage Co., Inc. v. Clement, 87 F.R.D. 569, 571 (D. Md. 1980); cf. United States v. Miller, 425 U.S. 435, 442 (1975) (holding that bank customer has no "legitimate 'expectation of privacy'" in the contents of checks, deposit slips, and other banking documents). A small number of courts have held that a party's claimed privilege with respect to his or her bank account records is sufficient to confer standing for purposes of challenging a subpoena; however, the party must offer more than "vague legal conclusions and speculat[ions]" about the existence of a threatened personal privilege to actually succeed on the motion. See DIRECTV, Inc. v. Richards, 2005 WL 1514187, at *1, *4 (D.N.J. June 27, 2005) (unpublished) (denying motion to quash where party did not prove existence of significant privilege in bank records); QC Holdings, Inc. v. Diedrich, 2002 WL 324281, at *1 (D. Kan. Feb. 21, 2002) (unpublished) (denying motion to quash where party failed to show subpoena subjected party to undue burden or required disclosure of privileged or other protected matter).

Defendants have not made any showing that they have a personal right to, or a privilege in, the information subpoenaed. The court holds that defendants lack standing to contest whether the subpoenas were properly issued. Accordingly, defendants' motion to quash the subpoenas is DENIED.

SO ORDERED. This _3_ day of December 2007.

                                                JAMES C. DEVER III
                                                United States District Judge