IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:07-CV-156-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DAMON ERIC GORDON, MADEA | ) | |
| GORDON, WILLIAM LUTHER PETTY, | ) | |
| JR., a/k/a BEAU PETTY, FIRST STAR | ) | |
| REALTY, INC., a/k/a FIRST STAR, INC., | ) | |
| a/k/a REMAX PRO REALTY, INC., | ) | |
| PROSTAR, a/k/a PROSTAR, INC., JOEL | ) | |
| WELCH, LINDA WELCH, JODI WELCH, | ) | |
| BILLY LASSITER, d/b/a NC REO | ) | |
| PROFESSIONALS, EVON DIGREGORIO | ) | |
| and JAMES L. MOORING, d/b/a NC REO | ) | |
| PROFESSIONALS, | ) | |
| | ) | |
| Defendants. | ) | |

On March 25, 2008, plaintiff filed a motion for production of (Jones) documents, or for a revised privilege log that comports with Rule 26(b)(5) of the Federal Rules of Civil Procedure. On April 4, 2008, defendants responded in opposition. In their response, defendants attached a revised privilege log and submitted the documents in dispute for in camera review. The documents in dispute are documents located in the files of attorney Steven R. Jones, who represented some of the defendants in connection with certain corporate and real estate legal work. As explained below, plaintiff's motion for production of (Jones) documents is granted in part and denied in part.

I.

A person claiming the attorney-client privilege must show why the privilege applies to a given document or communication. See, e.g., United States v. Tedder, 801 F.2d 1437, 1442 (4th Cir. 1986); Marens v. Carrabba's Italian Grill, Inc., 196 F.R.D. 35, 39 (D. Md. 2000). The attorney-client

privilege applies to confidential communications between an attorney and a client, but does not necessarily apply to all documents or correspondence that are in an attorney's possession. See 6 James Wm. Moore et al., Moore's Federal Practice § 26.49[1], [2] (3d ed. 1997); see also In re Grand Jury Subpoena, 204 F.3d 516, 519–20 (4th Cir. 2000); Hawkins v. Stables, 148 F.3d 379, 383–84 (4th Cir. 1998). A party claiming the privilege cannot simply rely on conclusory statements in a memorandum of law. Rather, a party claiming the privilege must specifically demonstrate facts supporting the requested protection. Cf. Suggs v. Whitaker, 152 F.R.D. 501, 505 (M.D.N.C. 1993). Preferably, a party claiming the privilege demonstrates that the privilege applies through affidavits from knowledgeable persons. Cf. id. Further, simply submitting a voluminous batch of documents for the court's in camera review is not sufficient. Cf. id.; Pete Rinaldi's Fast Foods, Inc. v. Great American Ins. Cos., 123 F.R.D. 198, 203 (M.D.N.C. 1988).

The court has reviewed the motion and the response in opposition. The defendants' opposition fails to include an affidavit or to state when Steven R. Jones allegedly began an attorney-client relationship with a given defendant. Likewise, the opposition fails to clarify in some instances the identity of the sender, the recipient(s), the privilege or doctrine asserted to avoid production (e.g., attorney-client privilege, attorney-work product doctrine, etc.), the person or entity asserting the privilege, the date the document was prepared, who prepared the document, the date the document was sent or received, the mode of transmission, and the person or entity for whom the privilege is being claimed. Likewise, the opposition fails to clarify in some instances whether the document was copied to anyone else or shown to any third party. Nonetheless, the court has sufficient information to determine whether defendants have met their burden of proof with respect to each document identified on privilege log Exhibit 2A and privilege log Exhibit 1A.

The court has reviewed the privilege logs and the documents that defendants submitted.

2

Certain documents do appear to fall within the attorney-client privilege. Specifically, as for the documents described in Exhibit 2A, the court finds that the following documents are subject to the attorney-client privilege and need not be produced: documents 3011, 3022, 3023, 3038, 3039, 3064, 3066, 3125, 0629, and 0630. Defendants' request to be heard ex parte as to document 3055 is denied. Defendants shall produce document 3055 not later than April 25, 2008. As for the documents described in Exhibit 1A, the court finds that the following documents are subject to the attorney-client privilege: documents 3009, 3010, 3012, 3017, 3037, 3040, 3047,[1] 3053, 3054, 3056, 3057, 3058, 3067, 3071, 3072, 3073, 3097, 3098, 3105, 3106, 3107, 3116, and 3117. The remaining documents identified in Exhibit 1A are not privileged and must be produced not later than April 25, 2008.

## II.

For the reasons explained above and as set forth in this order, plaintiff's motion for production of (Jones) documents is GRANTED IN PART and DENIED IN PART.

SO ORDERED. This __17__ day of April 2008.

JAMES C. DEVER III
United States District Judge

---

[1] Document 3047 appears to be a copy of the same document identified as document 3017.

3